**No. P66/148.**—Dumont Handkerchief, Inc., et al. *v.* United States, protests 65/23017, etc. (New York).

FORD, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of silk handkerchiefs similar in all material respects to those the subject of *Ashear Bros., Inc.* v. *United States* (55 Cust. Ct. 238, C.D. 2582), the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, JUNE 30, 1966

**No. P66/149.**—Aloha Factors and American Customs Brokerage Co. *v.* United States, protests 59/34562, etc. (Honolulu).

**No. P66/150.**—Hilo Rice Mill Co., Ltd., and American Customs Brokerage Co. et al. *v.* United States, protests 60/19711, etc. (Honolulu).

**No. P66/151.**—Taiyo Trading Company and American Customs Brokg. Co. et al. *v.* United States, protests 63/3460, etc. (Honolulu).

DONLON, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of Iso peanuts, peanut crackers, and Japanese rice crackers similar in all material respects to those the subject of *Hilo Rice Mill Co., Ltd., American Customs Brokerage Company et al.* v. *United States* (52 CCPA 106, C.A.D. 866), the claim of the plaintiffs was sustained.

**No. P66/152.**—United China & Glass Co. *v.* United States, protest 65/16059–17031 (New Orleans).

LANDIS, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of 6-inch bowls similar in all material respects to those the subject of *Copeland & Thompson, Inc.* v. *United States* (12 Cust. Ct. 85. C.D. 833), the claim of the plaintiff was sustained.